UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC THE CONFLUENCE LP, a California limited partnership,<br><br>            Plaintiff,<br><br>     v.<br><br>TRISTANNA COX and CHARLES COX, SR.,<br><br>            Defendants. | No. 2:22-cv-01567-TLN-AC<br><br>**SUA SPONTE REMAND ORDER** |

      This matter is before the Court on Defendants Tristanna Cox and Charles Cox's (collectively, "Defendants") Notice of Removal and Motions to Proceed in Forma Pauperis. (ECF Nos. 1–3.)  For the reasons set forth below, Defendants' Motions to Proceed in Forma Pauperis (ECF Nos. 2, 3) are DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

///

///

///

///

///

///

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2    On May 31, 2022, Plaintiff TC The Confluence LP ("Plaintiff") brought an action for

3    unlawful detainer against Defendants for possession of real property known as 3142 Occidental

4    Drive #16, Sacramento, California, 95826 (the "Property").  (ECF No. 1 at 6.)  On September 2,

5    2022, Defendants filed a Notice of Removal removing this unlawful detainer from the

6    Sacramento County Superior Court.  (ECF No. 1.)

7    **II.    STANDARD OF LAW**

8    28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the

9    district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is

10   proper only if the court could have exercised jurisdiction over the action had it originally been

11   filed in federal court."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

12   Courts "strictly construe the removal statute against removal jurisdiction," and "the

13   defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980

14   F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time

15   determines that it lacks subject matter jurisdiction over the removed action, it must remedy the

16   improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer*

17   *v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544

18   U.S. 974 (2005).

19   Federal question jurisdiction is set forth in 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331.  The

20   "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint

21   rule,' which provides that federal jurisdiction exists only when a federal question is presented on

22   the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 386.  Federal

23   question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-

24   party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter*

25   *v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

26   ///

27   ///

28   ///

1

### III.   ANALYSIS

2

Defendants removed this action based on federal question jurisdiction.  (ECF No. 1-1 at

3

1.)  However, the instant Complaint relies solely on California state law and does not assert any

4

claims under federal law.  (*See* ECF No. 1 at 5–9.)  Based on the well-pleaded complaint rule as

5

articulated above, "federal jurisdiction exists only when a federal question is presented on the

6

face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 386.

7

Because the Complaint indicates that the only cause of action is one for unlawful detainer,

8

which arises solely under state law, this action does not arise under federal law.  As there are no

9

apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack

10

of federal subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*,

11

360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter

12

jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

13

### IV.   CONCLUSION

14

For the reasons stated above, Defendants' motions to proceed in forma pauperis (ECF

15

Nos. 2, 3) are DENIED as moot, and the Court hereby REMANDS this action to the Superior

16

Court of California, County of Sacramento.

17

IT IS SO ORDERED.

18

**DATED:  September 29, 2022**

19

20

Troy L. Nunley
United States District Judge

21

22

23

24

25

26

27

28

3